UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLAHRAE FOX, | No. 2:15-cv-2561 GGH P |
| Petitioner, | |
| v. | ORDER |
| STU SHERMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

The grounds as currently stated are too conclusory to permit the court to determine whether they state a cognizable claim, and contain no supporting facts. For example, Ground One states, "Instruction on Custody Status," and under supporting facts states, "please see [] attached #2." (ECF No. 1 at 5.) These statements are the sum total of explanation for Ground One. Thus, although petitioner has listed the grounds for relief in his petition, and despite stating that supporting facts are attached, there are no attachments to the petition other than the California Court of Appeals' opinion. The other grounds are similarly devoid of content. The

petition also fails to state the relief requested.  (Id. at 15.)  See Rule 2(c), Rules Governing § 2254 Cases.

Petitioner does not state what instruction was given or not given in regard to custody status, and the court cannot determine what "custody status" means in this context.  The petition does not provide any background on what took place in the trial court.  Other than the court of appeals' opinion, petitioner does not provide the court with any supplemental materials which may have assisted the court in determining what occurred at petitioner's trial.  While the court is cognizant of the low threshold for petitioner at this stage of the proceedings, absent these most basic facts, the court is currently unable to determine whether petitioner alleges a cognizable claim.  See, e.g., Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (deficient petition should be dismissed with leave to amend "unless it appears that no tenable claim for relief can be pleaded were such relief granted.")

The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases; rather, Rules 2(c), 4, and 5(b) of the Rules Governing Habeas Corpus Cases in the United States District Courts require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim.  Mayle v. Felix, 545 U.S. 644, 655 (2005).  This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition.  Id.  Conclusional allegations that are not supported by a statement of specific facts do not warrant habeas relief.  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995).

Therefore, the petition will be dismissed, and petitioner will have the opportunity to file an amended petition.  The amended petition shall describe the claims in detail as requested above. Petitioner shall additionally provide the court with copies of any briefs by his attorney and state court opinions, to the extent they are available to him.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district;

3. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

4. Any amended petition must be filed on the form provided with this order, must name the proper respondent, and must state all claims and prayers for relief on the form; it must bear the case number assigned to this action and the title "Amended Petition"; failure to file an amended petition will result in the dismissal of this action; and

5. The Clerk of the Court is directed to send petitioner the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Dated: December 21, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/fox2561.101a

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

3