UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLAHRAE FOX,<br><br>    Petitioner,<br><br>v.<br><br>STU SHERMAN,<br><br>    Respondent. | No. 2:15-cv-2561 JAM GGH P<br><br>ORDER |

The petition for writ of habeas corpus was denied on June 29, 2017, and judgment entered accordingly on June 29, 2017. Petitioner filed a motion for appointment of counsel (ECF No. 27) on August 4, 2017. The motion for appointment of counsel includes a statement, among other things, of having requested a Certificate of Appealability (COA).

A pro se, post-judgment filing, even if not denominated as a notice of appeal, will be treated as such if it appears that the essential purpose of the filing was to appeal. Brannon v. United States, 993 F.2d 709, 710 (9th Cir. 1993), citing Rabin v. Cohen, 570 F.2d 864, 866 (9th Cir. 1978). It appears to the undersigned that the inference to be drawn from asking for counsel after judgment has been entered, along with reference to a COA (although a COA has already been denied in this case by the district judge), evinces an intent to appeal, and the filing will be treated as such.

1

1     The undersigned further notes that the filing was dated July 1, 2017, although the
2 document was not filed until August 4, 2017.  If the document was delivered to prison authorities
3 for mailing on or before July 29, 2017 (a very likely event), it would also be a timely notice of
4 appeal.  <u>Houston v. Lack</u>, 487 U.S. 286 (1988).
5     Accordingly, the Clerk shall treat ECF No. 27 as a notice of appeal and take action
6 accordingly to process it to the Ninth Circuit.
7     After receiving notice of the receipt of the appeal by the Ninth Circuit, i.e., being
8 informed of the appellate case number, petitioner shall ask the Ninth Circuit for a COA, and shall
9 address any requests for counsel to the Ninth Circuit as well.
10     IT IS SO ORDERED.
11 Dated: August 25, 2017

                <u>/s/ Gregory G. Hollows</u>
              UNITED STATES MAGISTRATE JUDGE